**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Chip-Tech, Ltd.,        )<br>              )<br>   Plaintiffs,   )<br>              )<br>v.            )<br>              )<br>Microsemi Corporation,  )<br>              )<br>   Defendants.  )<br>_____) | No. CV07-165-PHX-FJM (MHB)<br><br>**ORDER TO SHOW CAUSE** |

This case was referred to United States Magistrate Judge Michelle H. Burns for a Settlement Conference. A Settlement Conference Order was issued (Doc. #51) setting forth, in part, the following obligations on the part of the parties and their counsel (emphasis original):

> All parties and their counsel who are responsible for the case **SHALL** physically appear before the undersigned Settlement Judge, Courtroom 303, Sandra Day O'Connor U. S. Courthouse, 401 West Washington, Phoenix, Arizona on **May 2, 2008 at 9:30 a.m.** The Court has allocated 1½ hours for the Settlement Conference or longer if meaningful progress is being made towards settlement.
>
> Consequently, pursuant to the authority granted to the Court in, among others, 28 U.S.C. §473(b)(5) and Rule 16(b), FED.R.CIV.P., the parties and representatives of the parties with "full and complete authority" to discuss settlement of the case **SHALL** physically appear at the date and time of the Settlement Conference unless expressly excused by the undersigned by timely motion and order issued prior to the subject settlement conference for good cause shown.
>
> The parties shall exchange written correspondence regarding settlement. The Plaintiff's demand shall be delivered to defense counsel and the insurer's representative, if any, not less than **20 days** before the Settlement Conference. Defendant's response to the demand shall be delivered to Plaintiffs' counsel not less than **12 days** before the Settlement Conference.

The Settlement Conference Order also apprised the parties of the potential consequences for failing to comply with the order:

> Absent good cause shown, if any party, counsel or insurer's representative fails to promptly appear at the Settlement Conference, fails to comply with the terms of this Order, including the failure to timely provide the settlement conference memoranda, is substantially unprepared to meaningfully participate in the Settlement Conference, or fails to participate in good faith in the Settlement Conference, the settlement conference may be vacated and sanctions may be imposed pursuant to Rules 16(f) and 37(b)(2)(B) (C), and (D), Federal Rules of Civil Procedure which may include the entry of default judgment, dismissal of the Complaint and/or an award of reasonable attorney's fees and expenses and/or a finding of contempt. *G. Heileman Brening, Inc. v. Joseph Oat Corporation*, 871 F.2d 648 (7th Cir. 1989); *Lockhart v. Patel, M.D., supra.; Gee Gee Nick v. Morgan's Foods, Inc., supra*

Plaintiff appeared at the settlement conference represented by attorney Nicholas DiCarlo, Robert Glenn, CEO, and Craig Schortzmann, Vice-President of Operations. Defendant's counsel Paul Kim appeared, but defendant did not. Defendant also did respond to Plaintiff's settlement demand. The settlement conference was vacated at 10:30 a.m. due to the non-appearance of defendant.[1]

**IT IS THEREFORE ORDERED** that Defendant personally appear before this Court on June 2, 2008 at 10:30 a.m. before Magistrate Michelle H. Burns in courtroom 303 and show cause as to why a representative did not appear at the settlement conference, and demonstrate why sanctions should not be ordered against Defendant.

**IT IS FURTHER ORDERED** that Plaintiff submit a statement of fees and costs expended toward attendance by Plaintiff at the settlement conference on or before May 22, 2008.

DATED this 2nd day of May, 2008.

*/s/ Michelle H. Burns*
Michelle H. Burns
United States Magistrate Judge

---

[1] Counsel for Defendant indicated to the Court that his client had missed a flight from California to Phoenix in the morning, but was driving instead, due to a personal emergency. He also indicated that she was on the road, approximately 40 minutes away, but was unable to reach her by phone at 10:30 a.m.